ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, October 27, 2023 11:34:26 AM
CASE NUMBER: 2023 CV 05778 Docket ID: 236795809
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

**RANDY FULLER**
1607 South Center Blvd.
Springfield, Ohio 45506

      Plaintiff,

vs.

**AUDIOLOGY SERVICES COMPANY USA, LLC**
5525 North Main Street
Dayton, Ohio 45415


**CORPORATION SERVICE COMPANY**
c/o its Statutory Agent
3366 Riverside Drive, Suite 103
Upper Arlington, Ohio 43221

      Defendant.

Case No._____


Judge _____


**COMPLAINT WITH JURY DEMAND**

---

Now comes Plaintiff Randy Fuller, by and through counsel, and for his Complaint against Defendant Audiology Services Company USA, LLC states and avers as follows:

### I.    PARTIES, JURISDICTION AND VENUE

1.    This is an action for wrongful discharge predicated on handicap discrimination and/or perceived handicap discrimination pursuant to Ohio Revised Code Sections 4112.02 and 4112.99.

2.    Plaintiff Randy Fuller ("Plaintiff") is a resident of Clark County and a former employee of Defendant.

3.    Defendant Audiology Services Company USA, LLC is a foreign corporation and Plaintiff's former employer.

4.      This Court has subject matter jurisdiction over wrongful discharge actions.

5.      Venue is appropriate in this county as Defendant conducts business in this county under the name HearingLife.

6.      In June 2022 Plaintiff timely filed a formal complaint of discrimination with the Ohio Civil Rights Commission.

7.      Subsequently, on July 31, 2023 the United States Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights which was received by Plaintiff on or about August 1, 2023. A copy of the Dismissal and Notice of Rights ("Notice") is attached hereto as Exhibit A.

8.      The Notice provided that Plaintiff had the right to file a civil action within 90 days of receipt of the Notice. This action is being brought within 90 days of Plaintiff's receipt of the Notice.

## II.      BACKGROUND FACTS

9.      Plaintiff restates the allegations of paragraphs 1 through 8 herein as if fully rewritten herein.

10.      Plaintiff began his employment with Defendant in December of 2016. At the time of his termination, Plaintiff's job title was Hearing Instrument Specialist.

11.      Since August 2020, Plaintiff suffered from a rare autoimmune disorder that severely affected several major life activities.

12.      Plaintiff first utilized Defendant's Family Medical Leave in September 2020 through December 2020.

13.      Plaintiff notified Defendant as to the existence of his condition and initially, Defendant accommodated Plaintiff's work schedule.

2

14.    In April 2021, Plaintiff was placed in half day schedules per his doctor's orders.

15.    In September 2021, Defendant reduced Plaintiff's work schedule to three days a week working half a day each workday.

16.    Plaintiff was also treated differently due to his disabilities by his co-workers at the Dayton location in which he worked.

17.    One co-worker told Plaintiff that he was not disabled and should not get to work half-days due to his disability and would treat him differently at work.

18.    At times, Defendant told Plaintiff to remain at home and would not schedule hours for Plaintiff.

19.    Defendant would then state that there were available hours in Eaton which was an hour away from Plaintiff's residence in Springfield even though they knew driving long periods of time were difficult for Plaintiff.

20.    Defendant would often misplace or otherwise state to Plaintiff that it had not received paperwork from his doctors and requesting that Plaintiff send in the documents again.

21.    It seemed that Defendant was attempting to force Plaintiff to quit.

22.    On February 11, 2021, Plaintiff's supervisor, Ryan Kirkpatrick left his position at the company, but assured Plaintiff that nothing should change, nor was his job in jeopardy.

23.    On February 22, 2021, Defendant, through Ashely Francis, terminated Plaintiff's employment.

24.    At Plaintiff's termination meeting, Francis stated to Plaintiff, we are terminating you because you cannot be full-time."

25.    Plaintiff advised Defendant that he had a March 3, 2021 meeting with his Oncologist to determine if he would be able to return to his duties in a full-time matter.

3

26.     In fact, during this March 3, 2021 meeting with his Oncologist, Plaintiff was released for full-time employment.

27.     During this termination meeting, Plaintiff was requested to sign a Transitions Agreement in which it stated that he was being terminated for documented performance issues.

28.     Plaintiff did not recall receiving any documented performance issues and would not agree to sign the document.

29.     As a result of Defendant's wrongful actions, he has lost pay and benefits and has incurred attorney fees and costs and now suffers for emotional distress.

### III. CAUSES OF ACTION

#### A.     DISABILITY DISCRIMIANTION
Ohio Revised Code Sections 4112.02

30.     Plaintiff restates the allegations of paragraph 1-28 as if fully restated herein.

31.     Plaintiff is a member of a class of individuals protected from discrimination due to having a disability pursuant to Ohio Revised Code Sections 4112.02.

32.     Plaintiff was treated differently by Defendant in respect to the terms and conditions of his employment than non-disabled employees.

33.     Ultimately Defendant terminated Plaintiff due to his disabilities.

34.     As a result of Defendant's unlawful actions Plaintiff has been damaged in respect to lost pay and benefits, incurring attorney fees and costs and has incurred compensatory damages.

35.     Plaintiff also suffers from emotional distress as a result of Defendant's actions.

#### B.     COUNT TWO

36.     Plaintiff restates the allegations of paragraph 1-35 as if fully rewritten herein.

37.     Plaintiff during his employment with Defendant was afforded protection by The Family Medical and Leave Act (FMLA).

4

38. Plaintiff's serious autoimmune disorder is a serious medical condition pursuant to FMLA.

39. Defendant ignored the protections afforded by FMLA and terminated Plaintiff because he suffered from a serious health condition.

40. Defendant's actions described above violated The Family Medical and Leave Act.

41. As a result of Defendant's unlawful actions Plaintiff was damaged at least in the form of lost pay and benefits.

42. Plaintiff is also entitled to recover from Defendants statutory damages and attorney fees provided by The Family Medical and Leave Act.

WHEREFORE, Plaintiff Randy Fuller demands judgment against Defendant Met Life as follows:

A. Reinstatement, together with back pay and benefits and front pay in excess of $100,000;

B. Compensatory damages in excess of $100,000;

C. Reasonable attorney fees, statutory penalties and costs;

D. Statutory damages;

E. Pre and post judgment interest; and

F. Such other relief as this Court deems just and equitable.

Respectfully submitted,

DUWEL LAW

/s/ David M. Duwel
David M. Duwel (0029583)
130 West Second Street, Suite 2101
Dayton, OH 45402
(937) 297-1154, telephone
(937) 297-1152, facsimile
david@duwellaw.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff requests a trial by jury.

*/s/ David M. Duwel*
DAVID M. DUWEL



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Cincinnati Area Office**
550 Main Street, Suite 10-191
Cincinnati, OH 45202
(513) 914-6015
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/31/2023

**To:** Randy Fuller
1607 South Center Blvd
Springfield, OH 45506
Charge No: 473-2022-00880

EEOC Representative and email:    Nancy Bottoms, Investigator
nancy.bottoms@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 473-2022-00880.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
07/31/2023
Michelle Eisele
District Director

EXHIBIT

A

SUPPLYJUSTICE.COM

**Cc:**
Suzette Rodriguez
580 HOWARD AVE
Somerset, NJ 08873

Danita M Cooper
Demant
580 Howard AVE
Somerset, NJ 08873

Kyle Duwel
Duwel Law
130 W 2nd St Ste 2101
DAYTON, OH 45402


Please retain this notice for your records.