UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RANDY FULLER,

    Plaintiff,

vs.

AUDIOLOGY SERVICES COMPANY
USA, LLC,

    Defendant.

Case No. 3:23-cv-356

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANT'S MOTION TO DISMISS (Doc. No. 7); AND (2) DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT (Doc. No. 7)**

---

This is a disability discrimination case in which Plaintiff Randy Fuller alleges that, by terminating his employment, Defendant Audiology Services Company USA, LLC violated the Family and Medical Leave Act ("FMLA") and Ohio Revised Code §§ 4112.02 and 4112.99. Doc. No. 3. This case is before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Doc. No. 7. Plaintiff responded, and Defendant replied. Doc. Nos. 8, 9. Thus, this motion is ripe for review.

    **I.**    **STANDARD OF REVIEW**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set

forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

Rule 12(e) allows a party to "move for a more definite statement of a pleading […] which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "This Court has recognized that a motion for a more definite statement is designed to strike at unintelligibility rather than simple want of detail." *Streets v. Putnam, Inc.*, No. 2:13-cv-803, 2013 WL 5373321, at * 1 (S.D. Ohio Sept. 24, 2013) (internal quotation marks omitted). Rule 12(e) motions are disfavored by courts and "must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devises to fill any possible gaps in detail." *Id.* (internal quotation marks omitted).

2

## II.   LAW AND ANALYSIS

Defendant argues that Plaintiff's FMLA claim is no more than a "blanket assertion" that Defendant violated the FMLA, without any allegation as to how Defendant violated the Act. Doc. No. 7 at PageID 40-41. Defendant also contends that Plaintiff's complaint does not establish a *prima facie* claim for disability discrimination under Ohio law. *Id.* at PageID 39-40. However, "the Supreme Court has held that plaintiffs are not required 'to plead facts establishing a prima facie case[.]'" *Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1060 (6th Cir. 2022). Instead, Plaintiff "only need[s] to plead sufficient facts from which we could plausibly conclude that" he was terminated because of his disability. *See id.*

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

Additionally, while Plaintiff's complaint lacks some specific details—such as how Defendant allegedly violated the FMLA or how Plaintiff was disabled but still able to adequately perform his job—his complaint "provides fair notice of the allegations against Defendant such that Defendant has a reasonable ability to respond." *See Versatex, LLC v. Duracell Mfg., LLC*, No.

3

1:23-cv-184, 2023 WL 80969624, at *8 (S.D. Ohio Nov. 21, 2023).  Moreover, "[a]ny factual details that are lacking in the [c]omplaint may be revealed through the discovery process." *Merritt v. Con-Way Cent. Exp., Inc.*, No. 2:16-cv-382, 2006 WL 2869565, at * 3 (S.D. Ohio Oct. 5, 2006).

### III.  CONCLUSION

Accordingly, Defendant's motion to dismiss and motion for a more definite statement (Doc. No. 7) are both **DENIED**.

**IT IS SO ORDERED.**

January 30, 2024                                                    s/Michael J. Newman
                                                                               Hon. Michael J. Newman
                                                                               United States District Judge